| Helen Tomei vs. United Electric Railways Co. | No. 83110. |

| John Tomei vs. United Electric Railways Co. | No. 83111. |

May 31, 1932.

POULIOT, J. These two cases resulted in verdicts for the plaintiffs and the defendant now moves for a new trial in each case on the usual grounds.

The plaintiff's story is that on December 25, 1921, about 5 o'clock in the afternoon, she boarded defendant's trolley car, going out Broadway, in Pawtucket, in front of the Capitol Theatre; that she noticed ice on the step of the car and that her husband, who helped her on, cautioned her to be careful when getting off; that when she reached her destination, she slipped from the step while alighting and fell to the street, sustaining injuries for which she and her husband brought suit. The plaintiffs also produced a Miss Bobola, who testified that she and her sister boarded the car several hundred feet ahead of Mrs. Tomei; that in getting on, her sister slipped and she, the witness, said in the presence and hearing of the motorman, "Some one will break their neck;" that when they alighted at the telephone turnout, her sister slipped again.

The defendant produced several witnesses who trace the car from the time it left the barn in the morning up to the time of the accident. They testify that the step was free of ice when it left the heated barn in which it had been stored over night, and that while at times it was damp, at no time was it slippery or did it have any ice on it. The motorman further states that Mrs. Tomei did not slip off the car step, but slipped on the pavement after taking one step away from the car.

Here we have two conflicting stories, two radically different sets of facts, either one of which a jury might find to be true. It is a hardship to the defendant that the jury gave greater value to the plaintiff's contention, but it is not the Court's duty to overturn a verdict when there is ample evidence in a case upon which the verdict can be based.

The defendant, in argument on the motion, laid great stress on the conduct of Mrs. Tomei being contributory negligence. It seems to the Court that this was also a matter for the jury to consider. In arriving at a verdict, under the instructions given to it, it must have found that her conduct under the circumstances, especially in view of her pregnancy, was such as would have been used by the ordinary person.

The amounts of the verdicts are not excessive; on the contrary, they are very reasonable.

Motion for new trial denied in each case.

For plaintiff: Thomas L. Carty.
For defendant: C. Whipple, E. A. Sweeney.